UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

| | | |
|---|---|---|
| LAI MUN MA., | : | |
| | : | ORDER |
| Plaintiffs, | | 25 Civ. 08041 (GWG) |
| | : | |
| -v.- | | |
| | : | |
| COMMISSIONER OF SOCIAL SECURITY | : | |
| | : | |
| Defendant. | | |

---------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

Plaintiff Lai Mun Ma's request for benefits was denied on October 23, 2024 following reconsideration. SSA Administrative Record (Docket # 10) ("Tr.") 55–58. On February 20, 2025, the ALJ denied plaintiff's request for a hearing because she had not shown "good cause" for failing to timely request a hearing. Tr. at 6–7. The ALJ specifically noted that "the claimant does not allege any mental health impairments." Id. at 7.

Subsequently, Ma requested an Appeals Council review of the ALJ's dismissal. Id. at 12–18. The Appeals Council granted her request and permitted Ma to submit additional evidence. Id. at 10–11. It appears that Ma submitted a note from her psychotherapist that detailed her mental health difficulties. Id. at 9. The Commissioner's reply brief states that "the Appeals Council reasonably found this evidence did not provide a basis for changing the ALJ's dismissal." Docket # 21 at 2. But we are unable to discern where the Appeals Council made the purported finding identified by the Government. The Appeals Council's decision does not discuss this new evidence in relation to the request for a "good cause" extension. Instead, the Appeals Council referred to the fact that the State agency decided the disability request "through October 23, 2024," and noted that the additional evidence did not relate to "the period at issue" Tr. at 2. Further, it held that the new evidence "does not affect the decision about whether you were disabled beginning on or before October 23, 2024." Id. (emphasis added). It is unclear why the Appeals Council discussed this evidence in relation to the disability denial rather than the "good cause" extension request. Thus, it appears the Appeals Council did not consider whether the new evidence submitted by Ma constituted good cause to excuse her delay.

The Government is directed to address whether this Court can permissibly address such new evidence if the agency did not itself consider it for the appropriate purpose or whether instead these concerns require a remand to the agency for the specific purpose of permitting the agency—either through the Appeals Council or an ALJ—to consider the new evidence in

relation to the request for a "good cause" extension. The Government shall submit a letter on this topic on or before October 8, 2026. The plaintiff may file a response on or before October 15, 2026.

On an entirely separate matter, the Administrative Record does not contain an index identifying the exhibits referred to in the ALJ's decision. The ALJ decision refers to exhibits "1B" and "1E." Tr. at 6–7. On or before October 8, 2026, the Government shall file a letter or a supplement to the Administrative Record that identifies where in the record these documents are located.

SO ORDERED.

Dated: September 24, 2026
New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge